IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FREDERICK A. PUENT,

            Plaintiff,

v.

CROELL REDI-MIX, INC., DAN VANDOORHEES, and BILL WEDEPHAL,

            Defendants.

OPINION & ORDER

13-cv-00052-wmc

---

In this proposed civil action, plaintiff Frederick A. Puent alleges that defendants Croell Redi-Mix, Inc., and two of its employees, Dan Vandoorhees and Bill Wedephal, mistreated Puent during, and ultimately upon the termination of, his employment in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and the Americans with Disability Act ("ADA"), 42 U.S.C. § 12112(a).  Puent also alleges that he was retaliated against after he complained about defendants' unfair treatment.  Puent asks for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915.  From the financial affidavit Puent has provided, the court previously concluded that he is unable to prepay the fee for filing this lawsuit.  (Dkt. #4.)

The next step is determining whether Puent's proposed action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Because Puent meets this step as to his discrimination claims under the ADEA and ADA, he will be allowed to proceed against his former employer Croell Redi-Mix.  Puent's allegations of retaliation are insufficient, however, because he fails to plead the specific content of his

complaints about discrimination. The court will, therefore, deny him leave to proceed with his retaliation claims at this time, while granting him leave to file an amended complaint containing the necessary allegations. Puent is also denied leave to proceed against the individual defendants since neither the ADEA nor ADA allows claims against supervisors or other employees.

## ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this screening order, the court assumes these probative facts based on the allegations in his complaint:

Puent was previously employed at the Tomah Croell Redi-Mix plant. During his employment, Puent was treated unfairly because of his age and/or a physical impairment to his right hand. While Puent does not allege his age, he does state that he was 20 to 25 years older than his peers. As for his disability, Puent alleges that he was involved in an accident which damaged his right hand, resulting in diminished mobility of his fingers, making gripping hand tools more difficult.

Specifically, Puent alleges that he was treated differently than similar employees in several respects. First, Puent had to purchase his own rubber protective gloves, while defendant supplied his co-workers with personal protective equipment. Second, Puent was required to shovel and clean several tons of sand and gravel by hand under the conveyor belt more often than his co-workers. Third, Puent was required to set-up and tear down cement forms weighing about 150 pounds or more a piece by himself without the aid of co-workers. Puent further alleges that the plant manager would have his co-workers watch

Puent struggle with this job in order to humiliate him.  Fourth, Puent was issued a cement truck that was not mechanically sound with chutes weighing more than 100 pounds apiece, well over 3 times the weight of the other cement truck chutes.  Fifth, Puent's co-workers were allowed to "pick their jobs," including contractors, work sites, and ease of working conditions.  Sixth, Puent was paid less per hour than his co-workers.  Seventh, the company would offer his co-workers' discounts on supplies, but Puent was denied those discounts.

In May 2010, Puent complained to the Operative Manager Bill Wedephal, who is named as a defendant, about his unfair treatment.  In June 2010, Puent was transferred to the Mauston plant.  After working for approximately two to three months doing night paving, Wedephal transferred Puent back to the Tomah plant.  Once transferred back to the Tomah plan, Puent alleges that his hours were cut.

Puent alleges that in January 2011, he went to defendant's main office in La Crosse, Wisconsin, to meet with Wedephal and the General Manager Keith Barghahn to explain his unfair treatment and safety concerns.  After the meeting, Puent's cement truck was sent for repairs, but Puent alleges Wedephal and Barghahn did nothing to address his unfair treatment.  Moreover, Puent alleges that after his cement truck returned from being serviced, he was denied routine maintenance.

In early January 2012, Puent was asked to work at the Sparta plant, which he did for approximately two to three weeks.  On February 20, 2012, Puent was again asked to return to the Tomah plant.  At the Tomah plant, Puent met with Wedephal and the Tomah Plant Manager, Dan Vandoorhees, the other individual defendant.  During that meeting, Wedephal and Vandoorhees demanded Puent pay $4000 in repairs to the Tomah cement

3

truck or be terminated. Because Puent could not afford to pay $4000, his employment was terminated.

OPINION

From the complaint, the court understands Puent to assert the following claims: (1) discrimination in violation of the ADEA; (2) discrimination in violation of the ADA; and (3) retaliation in violation of the ADA and ADEA. The court will examine each in turn.

**I. ADEA Discrimination Claim**

The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, protects employees who are at least 40 years old and have received less favorable treatment than employees who are both "substantially younger" and "similarly situated." *Ransom v. CSC Consulting, Inc.*, 217 F.3d 467, 470 (7th Cir. 2000). "'Substantially younger' means at least a ten-year age difference." *Fisher v. Wayne Dalton Corp.*, 139 F.3d 1137, 1141 (7th Cir. 1998) (quoting *Kariotis v. Navistar Int'l Transp. Corp.*, 131 F.3d 672, 676 (7th Cir. 1997)). While Puent does not provide his age, he asserts that his co-workers were 20 to 25 years younger than him. From this allegation, it is reasonable to infer both that (1) Puent is at least forty-years of age and (2) he considers his co-workers -- which he describes as "peers" -- "similarly situated" to him.

The court finds these allegations sufficient to assert a claim of discrimination under the ADEA against his former employer, defendant Croell Redi-Mix, Inc. On the other hand, the ADEA only allows suits against employers, not individual employees or supervisors. *See Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 610 n.2 (7th Cir. 2001)

("[T]here is no individual liability under the ADEA."). Because Puent cannot state a claim against Dan Vandoorhees and Bill Wedephal under the ADEA, he will be denied leave to proceed against them individually.

**II. ADA Discrimination Claim**

The ADA prohibits employers from discriminating against disabled employees who are otherwise qualified. 42 U.S.C. § 12112(a). The definition of "discriminate" in the act is broad, including disparate treatment, failing to make a reasonable accommodation, and denying employment opportunities. 42 U.S.C. § 12112(b); *see also Foster v. Arthur Andersen, LLP*, 168 F.3d 1029, 1032 (7th Cir. 1999). In his complaint, plaintiff alleges that defendants treated him differently than his co-workers, failed to accommodate the injury to his right hand, and terminated him because of his disability. To state a claim under the ADA, plaintiff must allege that: (1) he is an "individual with a disability"; (2) defendant was aware of his disability; and (3) he was a qualified individual who, with or without reasonable accommodation, could perform the essential functions of the employment position. *Basith v. Cook County*, 241 F.3d 919, 927 (7th Cir. 2001). At this early screening stage, these allegations are sufficient to state a claim under the ADA claim against his former employer Croell Redi-Mix.

Even so, Puent's proposed ADA claim against Vandoorhees and Wedephal individually suffers from the same defect as his ADEA claim: ADA claims cannot be asserted against individual employees. *See Silk v. City of Chi.*, 194 F.3d 788, 797 (7th Cir. 1999) ("[T]he ADA provides only for employer, not individual, liability. Our case law is clear that a supervisor cannot be held liable in his individual capacity under the ADA.").

5

Accordingly, the court will deny plaintiff leave to proceed against Vandoorhees and Wedephal and will dismiss both of the individual defendants from this lawsuit.

**III. Retaliation Claim under the ADEA and ADA**

Both the ADEA and ADA provide protection from retaliation based on relevant, protected activity. To state a claim for retaliation under the ADEA, Puent must allege that "(1) []he engaged in statutorily protected activity; (2) []he suffered an adverse employment action; and (3) there is a causal connection between the two." *Smith v. Lafayette Bank & Trust Co.*, 674 F.3d 655, 657 (7th Cir. 2012) (citing *Everroad v. Scott Truck Sys., Inc.*, 604 F.3d 471, 481 (7th Cir. 2010); *Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 531 (7th Cir. 2003)). Similarly, under the ADA, to state a retaliation claim, Puent must allege: "(1) []he engaged in statutorily protected activity; (2) the defendant subjected [him] to an adverse employment action; and (3) a causal connection existed between the two events." *Povey v. City of Jeffersonville, Ind.*, 697 F.3d 619, 624 (7th Cir. 2012).

Under either cause of action, the "protected activity" must concern the alleged type of discrimination. In other words, for the ADEA retaliation claim, Puent must allege that he "object[ed] to discrimination on the basis of age." *Smith*, 674 F.3d at 658. Similarly, to state a retaliation claim under the an ADA, Puent must allege that he "assert[ed] [his] right under the [ADA] to be free from discrimination." *Povey*, 697 F.3d at 624 (citing 42 U.S.C. § 12203(a)). "Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006) (citing *Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134, 1147 (7th Cir. 1997)).

6

In his complaint, Puent alleges that in May 2010, he complained to Wedephal about "unfair treatment," and again in January 2011, Puent alleges that he explained his "unfair treatment" and "safety issues" to Wedephal and Barghahn. From these allegations, the court cannot discern whether Puent complained that he was being discriminated against because of his age (in support of an ADEA retaliation claim), because of his disability (in support of an ADA retaliation claim), for another reason or no reason at all. In order for Puent's retaliation claims to go forward, he must allege the specific content of his May 2010 and January 2011 (and any other unspecified) discussions with defendant. While Puent will be given leave to amend his complaint, should he choose to do so, he should be sure to allege the specific content of his complaints to defendant, especially as to any claimed cause of the unfair treatment.

Accordingly, Puent will be granted leave to proceed on discrimination claims under the ADA and ADEA, but denied leave at this time to proceed on his retaliation claims under either act. Plaintiff will have until March 14, 2017, to file an amended complaint that contains sufficient allegations for the court to determine whether Puent specifically complained to his supervisors about discrimination because of his age and/or disability. If plaintiff does this, the court will take the amended complaint under advisement for screening pursuant to 28 U.S.C. § 1915. If he fails to respond to this order by March 17, however, the court will dismiss his retaliation claims.

ORDER

IT IS ORDERED that:

1) plaintiff Frederick A. Puent is GRANTED leave to proceed on his ADEA and ADA discrimination claims against defendant Croell Redi-Mix, Inc.;

2) plaintiff is denied leave to proceed on all claims against defendants Dan Vandoorhees and Bill Wedephal and both are dismissed from this action;

3) plaintiff's retaliation claims are DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 8;

4) plaintiff may have until March 17, 2014, in which to file an amended complaint that complies with this Opinion and Order; and

5) if plaintiff fails to file an amended complaint by that date, the court will dismiss his retaliation claims.

Entered this 14th day of February, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge